**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Harry Bruce WHITMAN, Appellant**

Superior Court of Pennsylvania.

Submitted Jan. 24, 2005.

Filed Aug. 1, 2005.

John Ciroli, Jr., Public Defender, Pittsburgh, for appellant.

Michael W. Streily, Deputy District Attorney, Pittsburgh, and Sandra Preuhs, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before: KLEIN, BOWES and KELLY, JJ.

OPINION BY BOWES, J.:

¶ 1 Harry Bruce Whitman appeals from the December 12, 2003 judgment of sentence imposed after he pled guilty to numerous burglaries. We defer Appellant's challenge to the validity of his guilty plea to collateral review, vacate his judgment of sentence, and remand for resentencing.

¶ 2 Appellant was charged at thirteen different criminal actions with fifteen counts of burglary, twelve counts of receiving stolen property, eleven counts of criminal trespass, nineteen counts of theft, and one count each of criminal mischief and possession of an instrument of crime. The

cases were all joined pursuant to Pa. R.Crim.P. 563.[1]

¶ 3 On September 17, 2003, Appellant tendered a guilty plea to all of the charges. On December 12, 2003, the court imposed consecutive sentences at all criminal actions, resulting in an aggregate sentence of thirty-nine to seventy-eight years imprisonment. This appeal followed denial of Appellant's motion for reconsideration of sentence.

¶ 4 Appellant raises three issues for our review. He first challenges the validity of his guilty plea on grounds that counsel was ineffective for failing to object to the lack of a factual basis for the plea. The trial court superficially examined Appellant's ineffectiveness argument but concluded that *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002), applied. Furthermore, there was no evidentiary hearing devoted to the question of plea counsel's ineffectiveness. Lacking both a hearing and an adequate opinion, we must dismiss Appellant's challenge to the validity of his guilty plea based on counsel's ineffectiveness without prejudice to his right to raise it in a timely-filed PCRA petition.[2] *Commonwealth v. Davido*, 582 Pa. 52, 69 n. 16, 868 A.2d 431, 441 n. 16 (2005); *Commonwealth v. Roney*, 581 Pa. 601, 610, 866 A.2d 351, 357 (2005); *Commonwealth v. Little*, 879 A.2d 293, 301 n. 9 (Pa.Super.2005); *Commonwealth v. Fitzgerald*, 877 A.2d 1273 (Pa.Super.2005).

¶ 5 Appellant also presents two challenges to the validity of his sentence.

In his first issue, he argues that his sentence was excessive, which raises a challenge to the discretionary aspects of the sentence imposed. As required by Pa. R.A.P. 2119(f) and *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987), Appellant has included in his brief a statement of reasons in support of review of the discretionary aspects of the sentence. Relying upon *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002) (plurality), and *Commonwealth v. Dodge*, 859 A.2d 771 (Pa.Super.2004), he argues that his aggregate sentence of thirty-nine to seventy-eight years imprisonment is so manifestly excessive that it constitutes too severe a punishment. We agree that Appellant's averment raises a substantial question as to the appropriateness of his sentence under the cited precedent, and we will review its merits.

¶ 6 We begin with the acknowledgment that sentencing is within the discretion of the sentencing court. *Commonwealth v. Walls*, 846 A.2d 152 (Pa.Super.2004), *appeal granted*, —— Pa. ——, 875 A.2d 1075 (2005). While sentencing courts do possess broad discretion, that discretion is not unfettered and remains subject to appellate review. *Commonwealth v. Robertson*, 874 A.2d 1200 (Pa.Super.2005); *Walls, supra*. Section 9781 of title 42 outlines the parameters of our review:

> (c) Determination on Appeal.—The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

> (2) the offenses charged are based on the same act or transaction.

---

1. Rule 563, Joinder of Offenses in Information, provides:

 (A) Two or more offenses, of any grade, may be charged in the same information if:

 (1) the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion; or

2. We also note that we are remanding for resentencing. If the court chooses to impose a more equitable sentence, Appellant may decide that he does not want to withdraw his guilty plea, and the issue may become moot.

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

(d) Review of record. In reviewing the record the appellate court shall have regard for:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

■■■ ¶ 7 In turn, when imposing a sentence, the sentencing court must take into account "that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). The court shall also consider any guidelines. *Id.*

¶ 8 We begin by analyzing *Walls,* as it involved an interpretation of the appellate role in reviewing sentences. In that case, the defendant, who was convicted of sex offenses, received three consecutive sentences. One sentence fell within the standard guideline range, but the other two sentences exceeded the guideline ranges and were statutory maximums. This Court agreed that the defendant's sentence was excessive and also observed that the record indicated that the sentencing court did not render an individualized sentence, but instead concluded that the statutory maximum was always appropriate for sex offenders.

¶ 9 We noted that sentences had to be reviewed to "ensure not only a fair and impartial sentence under the circumstances, but also to protect against grossly disparate treatment of like offenders throughout the Commonwealth." *Walls, supra* at 157 (quoting *Commonwealth v. Smart,* 387 Pa.Super. 518, 564 A.2d 512, 514 (1989)). Our review is to determine if the sentence is unreasonable under the standards set by 42 Pa.C.S. § 9781 and to reverse sentences that do not reflect a consideration of those factors set forth in 42 Pa.C.S. § 9721(b).

¶ 10 In this particular case, we believe that 42 Pa.C.S. § 9781(c)(2) is implicated. While the guidelines were followed, the aggregate sentence imposed was unreasonable because the court failed to take into account the gravity of the offenses and the rehabilitative needs of Appellant, as mandated by 42 Pa.C.S. § 9721(b). Our review of the informations establishes that Appellant was charged with theft, trespass, receiving stolen property, and burglary, as set forth above; thus, the crimes were against property and did not involve a single instance of violence against a person. At sentencing, Appellant expressed remorse and his desire to make financial reparation to the victims and asked the court to consider that he cooperated with police and pled guilty. Despite the fact that Appellant never harmed anyone physically with his actions and that there were compelling indicators that Appellant was capable of rehabilitation, the sentencing court imposed consecutive sentences that

will subject Appellant to a substantial prison term. Indeed, this Court has reviewed sentences for third degree murder that are a fraction of the sentence imposed in this case.

¶ 11 We are aware that the sentencing court considered the presentence report and sentenced Appellant to individual terms that fell within the guidelines, but when the consecutive nature of the sentence imposed is examined, the thirty-nine-to-seventy-eight-year term of imprisonment becomes unwarranted and unfair. The sentencing court failed to acknowledge either that the crimes were nonviolent or that Appellant saved the Commonwealth considerable time and expense by pleading guilty. This sentence is virtually a life sentence and is grossly disparate to sentences imposed on similar offenders.

¶ 12 This case bears a marked resemblance to *Commonwealth v. Dodge, supra,* where the defendant received consecutive sentences on thirty-seven counts of receiving stolen property, for a total sentence of fifty-two to 111 years imprisonment. We held that even though the consecutive sentences were all in the standard range of the guidelines, the overall term of imprisonment clearly was unreasonable under 42 Pa.C.S. § 9781(c)(2). In so concluding, we focused on the fact that the sentence on every crime was imposed consecutively as well as the fact that the crimes were all property crimes. Both of those details are present herein. Furthermore, unlike the present case, the defendant in *Dodge* had not expressed remorse for his criminal activities.

¶ 13 Similarly, in *Commonwealth v. Bauer,* 413 Pa.Super. 220, 604 A.2d 1098

(1992), *rev'd per curiam on other grounds,* 533 Pa. 69, 618 A.2d 396 (1993), a defendant entered a guilty plea to nine counts of delivering controlled substances and two counts of criminal conspiracy and was sentenced to a total term of twenty-seven and one-half to fifty-five years imprisonment. We held that the cumulative sentence was so manifestly excessive as to constitute an abuse of discretion. *See also Commonwealth v. Caraballo,* 848 A.2d 1018 (Pa.Super.2004) (defendant sentenced to two consecutive statutory maximum sentences for two counts of attempting to lure child into motor vehicle; we held sentence was not reasonable, as outlined in 42 Pa.C.S. § 9781(c)); *Commonwealth v. Simpson,* 353 Pa.Super. 474, 510 A.2d 760 (1986) (cumulative sentence imposed for six crimes was excessive, even though individual sentences were not).

¶ 14 In the present case, the sentencing court offered no meaningful consideration of the sentencing factors. The crimes involved no violence against persons, and Appellant displayed both remorse and a willingness to acknowledge guilt without a lengthy trial. We are in agreement that the aggregate sentence is grossly excessive and must be vacated under the discussed authority.

¶ 15 The Commonwealth concedes the validity of Appellant's second sentencing contention,[3] which is that the restitution award entered in this case violated 18 Pa. C.S. § 1106 because the record did not contain evidentiary support for the amount of restitution, and the restitution order did not specify the method of repayment. These errors can be redressed at the sentencing hearing conducted on remand.

---

3. We appreciate the Commonwealth's candor not only in this regard but also with respect to the previous sentencing issue. In connection with that issue, the Commonwealth acknowledged the potential applicability of case law that required reversal of Appellant's sentence. The Allegheny County District Attorney's office is to be commended for fulfilling its obligations to the Court.

¶ 16 Finally, given that the sentence tendered in this case indicates that Appellant did not receive "an individualized sentence tailored to him and the attendant facts of his case," we conclude that "the integrity of [Appellant's] re-sentencing proceeding must be protected by ensuring that any appearance of bias is dispelled." *Commonwealth v. Whitmore*, 860 A.2d 1032, 1038 (Pa.Super.2004). We order that a new trial judge be assigned to preside over Appellant's re-sentencing. *Id.*

¶ 17 Judgment of sentence vacated. Case remanded for resentencing in accordance with this adjudication. Jurisdiction relinquished.