J-S72038-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :     IN THE SUPERIOR COURT OF
  :          PENNSYLVANIA
           Appellee   :
  :
         v.   :
  :
DANIEL P. STRAUSSER,   :
  :
          Appellant   :     No. 847 WDA 2014

Appeal from the Judgment of Sentence Entered May 7, 2014
in the Court of Common Pleas of Crawford County
Criminal Division at No(s): CP-20-CR-0000643-2011

BEFORE:  BENDER, P.J.E., SHOGAN, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:       **FILED JANUARY 12, 2015**

Daniel P. Strausser (Appellant) appeals from the judgment of sentence imposed following the revocation of his probation.  We affirm.

On February 29, 2012, Appellant was sentenced at CP-20-CR-0000643-2011 (643-2011) for one count of statutory sexual assault and one count of indecent assault.[1]  On that date, Appellant was sentenced on the statutory sexual assault conviction to eight to 18 months' incarceration, followed by two years' probation, and to a concurrent term of 18 months' probation for the indecent assault conviction.  Appellant was paroled to the supervision of the Crawford County Adult Probation/Parole Department (CCAPPD) on October 24, 2012.

---

[1] 18 Pa.C.S. §§ 3122.2 and 3126(a)(8), respectively.

* Retired Senior Judge assigned to the Superior Court.

On June 1, 2013, Appellant was arrested and charged with two counts of simple assault and two counts of summary harassment at CP-20-CR-0000497-2013 (497-2013).[2]  Consequently, Appellant was alleged to have violated his probation, and on June 5, 2013, a bench warrant was issued for his arrest.[3]

Appellant was apprehended in September of 2013.  On September 23, 2013, Appellant waived his right to a **Gagnon I** hearing.[4]  A **Gagnon II** hearing was scheduled for November 8, 2013.  Prior to the hearing, Appellant's counsel informed the trial court that Appellant was being investigated for failing to register under the Sex Offender Registration and Notification Act (SORNA), 18 Pa.C.S. § 4915.1(a)(1). As a result, Appellant's **Gagnon II** hearing was rescheduled until resolution of the SORNA investigation.

On May 7, 2014, following a **Gagnon II** hearing, the court determined that Appellant had violated the terms of his probation at 643-2011.

---

[2] 18 Pa.C.S. §§ 2701(a)(1) and 2709(a)(1), respectively.

[3] In addition to the new assault charges, the CCAPPD alleged that Appellant violated his probation by (1) consuming alcohol, (2) having unsupervised contact with his four-year-old step-daughter, (3) missing six scheduled treatment appointments and being untruthful in his treatment diary, (4) failing to report to the probation department, (5) failing to report his new charges to the probation department, and (6) absconding from the Commonwealth after committing a new offense. Motion for Issuance of Bench Warrant, 6/4/2013.

[4] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

Appellant's probation at that case number was revoked and he was resentenced to a term of three to six years' incarceration to run concurrent to the sentence imposed at 1071-2013. Appellant filed a motion to reconsider, which was denied on May 19, 2014. This timely appeal followed.

Appellant asks this Court to consider whether the sentence imposed by the revocation court is manifestly excessive and unreasonable. Appellant's Brief at 5. It is within this Court's scope of review to consider challenges to the discretionary aspects of an appellant's sentence in an appeal following a revocation of probation. *Commonwealth v. Ferguson*, 893 A.2d 735, 737 (Pa. Super. 2006). *See Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (stating that a claim that the trial court erred in imposing a sentence of total confinement upon revocation of probation is a challenge to the discretionary aspects of one's sentence); *Commonwealth v. Whitman*, 880 A.2d 1250, 1251 (Pa. Super. 2005) (stating that a claim that one's sentence is excessive is a challenge to the discretionary aspects of the sentence).

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) *appeal denied*, 76 A.3d 538 (Pa. 2013) (citation omitted).

The record indicates that the instant appeal was timely filed and that Appellant preserved this issue by including it in his motion to modify sentence. However, Appellant has failed to include in his brief a statement pursuant to Pa.R.A.P. 2119(f), and the Commonwealth has objected to this omission. Commonwealth's Brief at 9-11. Appellant, therefore, has waived this issue. ***See Commonwealth v. Roser***, 914 A.2d 447, 457 (Pa. Super. 2006) ("A failure to include the Rule 2119(f) statement does not automatically waive an appellant's [discretionary aspects of sentencing] argument; however, we are precluded from reaching the merits of the claim when the Commonwealth lodges an objection to the omission of the statement.") (quoting ***Commonwealth v. Love***, 896 A.2d 1276, 1287 (Pa. Super. 2006)).

Judgment of sentence affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/12/2015