J-S22041-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
          Appellee : 
:
          v. :
:
ELISE MARIE BURKS, :
:
          Appellant : No. 1915 WDA 2014

Appeal from the Judgment of Sentence Entered March 21, 2013,
in the Court of Common Pleas of Allegheny County,
Criminal Division, at No(s): CP-02-CR-0000893-2007
CP-02-CR-0005841-2007
CP-02-CR-0008288-2006

BEFORE:    PANELLA, LAZARUS, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:        **FILED JUNE 24, 2015**

Elise Marie Burks (Appellant) appeals from the judgment of sentence

imposed following the revocation of her probation.  We affirm.

The trial court set forth the relevant factual and procedural

background of this case as follows.

> On November 26, 2007, [Appellant] pled guilty at CC
> 200608288, to one count of retail theft, one count of possession
> of altered, forged, or counterfeit documents or plates, two
> counts of receiving stolen property, one count of possession of
> marijuana, one count of possession of drug paraphernalia, [and]
> one count of criminal conspiracy (to engage in retail theft).
> [Appellant] pled guilty at CC 200700893, to five counts of felony
> retail theft, one count of criminal conspiracy (to engage in retail
> theft), [and] one count of possessing instruments of crime.
> [Appellant] pled guilty at CC 200705841, to one count of retail
> theft. On November 26, 2007, after accepting [Appellant's]
> guilty plea at the above-captioned matter, [the trial court]
> imposed an aggregate sentence of time served, followed by a
> consecutive five years of probation.

*Retired Senior Judge assigned to the Superior Court.

[Appellant] committed subsequent retail thefts and [the trial court] revoked [Appellant's] probation on all of the above-captioned cases. On October 24, 2012, [the trial court] revoked [Appellant's] probation at all of the above cases and imposed an aggregate sentence of 18 months of intermediate punishment followed by 1 year of probation, as entry into the Drug Court program. [Appellant] was further Ordered to submit to random urinalysis and "must complete all treatment recommended by the drug court treatment team" and participate in the criminality group. [Appellant] was admitted into the Drug Court program and [the trial court] warned [Appellant] that if she violated probation again she would be going to a state prison.

[Appellant] did not cooperate with the drug court program. [The trial court] recited [Appellant's] history as follows:

> Well, let's see what we got here. [Appellant] entered the drug court program as a convicted violator of probation. In addition to imposing no further penalty at the remaining counts of the above-noted complaints [the trial court] took no action and closed interest in four other felony retail theft complaints on October 24, 2012.
>
> She was transferred from Renewal's alternative housing program to the Delaware House October 24, 2012 and referred to POWER for intensive outpatient treatment, but failed to attend the intake appointment, failed to attend the intake — that's the first thing, the intake appointment — on two occasions.
>
> She was sanctioned with a five-day swift intervention on November 21, 2012, and that lasted til [sic] November 26.
>
> December 10, 2012, she was placed on electronic monitoring at the Delaware House, due to accountability issues. It took her 10 days to have an accountability problem. At the time she had a terrible

attitude and was uncooperative with the probation office.

[Appellant] refused to discuss windows for treatment and meetings and refused to submit to urinalysis and testing.

[Appellant] had already received an unsatisfactory report in her progress hearing on December 6, 2012 due to her inability to comply with rules of supervision and treatment.

[* * *]

December 12, 2012 she was taken into custody for failing to attend treatment, and a detainer was lodged against her....

While awaiting a bed date at Gaiser [Appellant] exhibited behavior that resulted in the drug treatment team deciding placement at Gaiser was no longer appropriate. It was further decided [Appellant] was no longer an appropriate candidate for drug court and revocation proceedings were instituted.

[Appellant's] probation was revoked by [the trial court] on March 21, 2013. [The trial court resentenced [Appellant] to incarceration for 16 to 32 month[s] at CC200705841, plus a consecutive 1 to 2 years at both CC200608288, and CC200700893, for an aggregate sentence of 40 to 80 months of incarceration [with applicable credit for time served]. [Appellant] filed a *pro se* post-sentence motion on April 10, 2013.

[Appellant] filed a timely Post-Conviction Relief Act petition (PCRA Petition) on July 9, 2013. [The trial court] appointed counsel, who filed an Amended PCRA petition on November 26, 2013, requesting reinstatement of [Appellant's] post-sentencing and appellate rights. The Commonwealth filed an answer on February 19, 2014. [The trial court] scheduled a PCRA hearing. On March 26, 2014, [the trial court] reinstated [Appellant's] post-sentencing / appellate rights nunc pro tunc, and granted

- 3 -

[recidivism risk reduction incentive ("RRRI") program] consideration at all three cases. [Appellant] withdrew the third issue contained in her Amended PCRA petition. [Appellant] filed a post-sentence motion on April 3, 2014, which [the trial court] denied on April 15, 2014. On May 2, 2014, [Appellant] filed a notice of appeal to the Pennsylvania Superior Court, and Concise Statement of Matters Complained of on Appeal. This appeal was dismissed by the Pennsylvania Superior Court as untimely. [Appellant] filed a Post-Conviction Relief Act petition on October 21, 2014, seeking reinstatement of her appellate rights. On November 20, 2014, [the trial court] reinstated the [Appellant's] direct appeal rights *nunc pro tunc*. [Appellant] filed an appeal to [this Court] on November 24, 2014, and a Concise Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925(b).

Trial Court Opinion, 12/18/2014, at 1-4.

Appellant raises one issue on appeal.

Did the trial court err in denying Appellant's post-sentencing motions since the trial court erred in sentencing Appellant to an aggregate sentence of 40-80 months (3 1/3 to 6 2/3 years) [of] imprisonment (16-32 months at 5841-2007, a consecutive 1-2 years at 893-2007 and a consecutive 1-2 years at 8288-2006) since the aggregate sentence was manifestly excessive (the sentences could have been run concurrent to one another) and the trial court failed to consider all of the factors contained at 42 Pa.C.S. §§ 9721(b) [and] 9781(d).

Appellant's Brief at 4 (unnecessary capitalization omitted).

It is within this Court's scope of review to consider challenges to the discretionary aspects of an appellant's sentence in an appeal following a revocation of probation. ***Commonwealth v. Ferguson***, 893 A.2d 735, 737 (Pa. Super. 2006); ***see also Commonwealth v. McAfee***, 849 A.2d 270, 274 (Pa. Super. 2004) (stating that a claim that the trial court erred in imposing a sentence of total confinement upon revocation of probation is a

challenge to the discretionary aspects of one's sentence); ***Commonwealth v. Whitman****,* 880 A.2d 1250, 1251 (Pa. Super. 2005) (stating that a claim that one's sentence is excessive is a challenge to the discretionary aspects of the sentence). The imposition of a sentence following the revocation of probation is vested within the sound discretion of the trial court, which we will not disturb absent an abuse of that discretion. ***Commonwealth v. Sierra***, 752 A.2d 910, 913 (Pa. Super. 2000). An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous. ***Commonwealth v. Crump***, 995 A.2d 1280, 1282 (Pa. Super. 2010) (citation and quotation omitted).

An appellant challenging the discretionary aspects of her sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) *appeal denied*, 76 A.3d 538 (Pa. 2013) (citation omitted).

The record indicates that Appellant timely filed her appeal and that she preserved this issue by including it in her motion to modify sentence.

Additionally, Appellant has included in her brief a Rule 2119(f) statement. We now turn to whether Appellant has presented a substantial question for our review.

In her brief, Appellant contends that the trial court abused its discretion in failing to impose a sentence "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant [], especially since [Appellant] cannot control her drug habit." Appellant's Brief at 13. Additionally, Appellant argues the trial court failed to state adequate reasons on the record for the sentence imposed.

An averment that the court failed to consider relevant sentencing criteria of an appellant raises a substantial question. ***Commonwealth v. Riggs***, 63 A.3d 780, 786 (Pa. Super. 2012). Likewise, a claim that the trial court failed to state on the record its reasons for sentence imposed raises substantial question. ***Commonwealth v. Macais***, 968 A.2d 773, 776 (Pa. Super. 2009). Accordingly, because Appellant has stated substantial questions, we will consider her discretionary aspects of sentencing challenges on appeal.

Our legislature has imposed the following general standards to observe when fashioning a sentence:

> [T]he court shall follow the general principle that the sentence imposed should call for confinement that is consistent

> with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. The court shall also consider any guidelines for sentencing and resentencing adopted by the Pennsylvania Commission on Sentencing and taking effect under section 2155 (relating to publication of guidelines for sentencing, resentencing and parole and recommitment ranges following revocation). In every case in which the court imposes a sentence for a felony or misdemeanor, modifies a sentence, resentences an offender following revocation of probation, county intermediate punishment or State intermediate punishment or resentences following remand, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed…. Failure to comply shall be grounds for vacating the sentence or resentence and resentencing the defendant.

42 Pa.C.S. § 9721(b). "When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation." *Commonwealth v. Antidormi*, 84 A.3d 736, 761 (Pa. Super. 2014). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Crump*, 995 A.2d at 1283 (citing *Commonwealth v. Malovich*, 903 A.2d 1247 (Pa. Super. 2006)).

We begin by noting that Appellant's aggregate sentence is comprised of standard-range sentences for each conviction. Trial Court Opinion, 12/18/2014, at 4. Moreover, the trial court properly indicated Appellant's RRRI eligibility and applied the relevant time served. N.T., 3/21/2013, at 17. Contrary to Appellant's argument, the trial court discussed at length its reasons for sentencing Appellant, detailing its decades-long experience of dealing with her, her lengthy prior record, her inability to comply with the requirements of the drug court program, her drug testing results, and her reporting history. *Id.* at 4-15. Additionally, Appellant was given the chance to detail her progress in jail-based programs, and explain to the court the correlation between her drug addiction and her propensity to commit thefts. *Id.* at 15-16. Our review of the record indicates that the trial court gave ample reasons why Appellant should be sentenced to a term of total confinement, in large part, due to her inability to control her interrelated drug and theft habits. As the record belies Appellant's claims, we hold that her arguments do not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/24/2015

- 8 -