J-A10030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY ARMSTRONG | : | |
| | : | |
| Appellant | : | No. 216 EDA 2017 |

Appeal from the Judgment of Sentence Entered August 23, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006396-2009,
CP-51-CR-0009692-2009

BEFORE: GANTMAN, P.J., McLAUGHLIN, J., and RANSOM*, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JUNE 12, 2018**

Anthony Armstrong appeals from the judgment of sentence entered on August 23, 2016, for two counts of attempted burglary and one count of possession of an instrument of crime ("PIC").[1] For each count of attempted burglary, the trial court imposed the mandatory minimum sentence for second or subsequent convictions for crimes of violence. **See** 42 Pa.C.S.A. § 9714. Additionally, it imposed an aggravated sentence for PIC, for a total sentence of 22½ to 45 years' imprisonment. Armstrong argues that his aggregate sentence was manifestly excessive and unreasonable. We affirm.

The trial court summarized the procedural history of this case as follows:

_____

\* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 901(a), 3502(a)(ii), and 907(a), respectively.

> Anthony Armstrong was tried by a jury before the court, commencing on November 28, 2011. On December 1, 2011, the jury convicted [Armstrong] on two counts of attempted burglary and one count of possessing an instrument of crime. On January 27, 2012, this court imposed minimum sentences of [25] to [50] years on each of his attempted burglary convictions in accordance with a finding that the instant convictions constituted a third strike. 42 Pa.C.S.A. § 9714(a)(12).
>
> On July 31, 2013, the Superior Court remanded for resentencing holding that [Armstrong] was, in fact, a second strike offender. ***Commonwealth v. Armstrong***, 74 A.3d 228 (Pa.Super. 2013).

Trial Court Opinion, filed 7/17/17, at 1.[2]

The trial court held a resentencing hearing on August 23, 2016. Armstrong's counsel conceded that the minimum sentence for each attempted burglary conviction was ten to 20 years' incarceration. N.T., Resentencing, 8/23/16, at 22. However, his counsel urged the court to impose concurrent sentences. ***Id.*** at 16. The trial court heard from Armstrong's brother, Pastor Tracey Rodriguez, as well as from Armstrong. ***Id.*** at 24, 33-35. Armstrong explained to the court that he had been diagnosed with bipolar disorder and schizophrenia in 2013. ***Id.*** at 9. Additionally, he expressed his remorse for the crimes and noted that the passing of his mother had helped him to change his thinking. ***Id.*** at 33-34. He also explained to the court that he was in full compliance with his mental health recommendations. ***Id.*** at 35.

---

[2] Our Supreme Court affirmed the remand order on December 30, 2014. ***Commonwealth v. Armstrong***, 107 A.3d 735 (Pa. 2014) (*per curiam*).

The trial court sentenced Armstrong to consecutive terms of ten to 20 years' incarceration for each attempted burglary conviction, followed by a consecutive sentence of two and one half to five years' incarceration for the PIC conviction.[3] His total sentence for his convictions was 22½ to 45 years in prison. *Id.* at 40-41. Armstrong filed a Post Sentence Motion, which the trial court denied. This appeal followed.

On appeal, Armstrong raises one issue:

> Was not the total aggregate sentence of 22½ to 45 years['] incarceration manifestly excessive and unreasonable, insofar as the sentence was disproportionate to Anthony Armstrong's conduct, and the [trial] court did not properly consider Armstrong's significant mitigation and capacity for rehabilitation, which resulted in a near lifetime sentence for a 47[-]year[-]old man?

Armstrong's Br. at 3.

Armstrong challenges the trial court's discretion in imposing sentence. As such, we must conduct a four-part analysis before reaching the merits of his claim. ***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa.Super. 2013). We must determine that: (1) the appeal is timely, (2) the instant issue was properly preserved, (3) the appellant's brief contains a statement pursuant to

---

[3] This is in the aggravated range based on Armstrong's prior record score as a repeat felony offender. ***See*** N.T., Sentencing, 1/27/12, at 5.

Pa.R.A.P. 2119(f)[4], and (4) there is a substantial question that the sentence is not appropriate under the Sentencing Code. *Id.*

In the instant case, Armstrong filed a timely Notice of Appeal, and properly preserved his claims challenging the discretionary aspects of sentencing in his Post-Sentence Motion. Armstrong also included a Pa.R.A.P. 2119(f) Statement in his brief. Armstrong's Br. at 11-14. Finally, Armstrong has presented a substantial question for our review. Armstrong contends that the trial court imposed consecutive sentences resulting in an excessive and unreasonable sentence, which raises a substantial question. *See Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa.Super. 2013).

Sentencing is within the discretion of the trial court and thus will not be disturbed absent an abuse of discretion. *Commonwealth v. Jones*, 640 A.2d 914, 916 (Pa.Super. 1994). An abuse of discretion exists "where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will." *Commonwealth v. Widmer*, 744 A.2d 745, 753 (Pa. 2000). When imposing a sentence, the court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the victim and the community, the

---

[4] "An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of sentence." Pa.R.A.P. 2119(f).

defendant's rehabilitative needs, and the [S]entencing [G]uidelines." ***Commonwealth v. Feucht***, 955 A.2d 377, 383 (Pa.Super. 2008).

Armstrong contends that while the court appropriately sentenced him as a second strike offender, his sentence is unreasonable due to the trial court imposing consecutive sentences on each count, which he characterizes as a life sentence. Armstrong's Br. at 14, 18. Armstrong argues that this Court's decisions in ***Commonwealth v. Whitman***, 880 A.2d 1250 (Pa.Super. 2005), *rev'd on other grounds*, 918 A.2d 111 (Pa. 2007), and ***Commonwealth v. Coulverson***, 34 A.3d 135 (Pa.Super. 2011), require us to vacate his sentence. We do not agree.

In both ***Whitman*** and ***Coulverson***, this Court concluded that the trial court failed to take into account the rehabilitative needs of the defendant. In ***Whitman***, the Court concluded that the sentencing court "offered no meaningful consideration of the sentencing factors." 880 A.2d at 1254. Specifically, the sentencing court failed to acknowledge that "[t]he crimes involved no violence against persons, and [the a]ppellant displayed both remorse and a willingness to acknowledge guilt without a lengthy trial." ***Id.*** Similarly, in ***Coulverson***, this Court concluded that the sentencing court imposed aggregate consecutive sentences with "scant consideration of anything other than victim impact and the court's impulse for retribution on the victim's behalf." 34 A.3d at 148. Here, that is not the case.

Here, the court weighed and considered all relevant sentencing factors and assigned the weight it found appropriate to the evidence of record before imposing the consecutive sentences. The trial court heard Armstrong express his remorse and heard from Armstrong's brother who told the court that he believed that Armstrong had changed since his incarceration. N.T., Resentencing, 8/23/16, at 25. The court also knew that at the time of resentencing Armstrong was 47 years old and had recently been diagnosed with bipolar disorder and schizophrenia. ***Id.*** at 9, 21. The court stated that it had considered the Pre-Sentence Investigation report and had weighed Armstrong's mitigating evidence against society's need for protection, before imposing sentence. ***Id.*** at 36.[5]

On this record, we cannot say that the imposition of the consecutive sentences was an abuse of discretion. ***See Commonwealth v. Baker***, 72 A.3d 652, 663-64 (Pa.Super. 2013) (affirming judgment of sentence where trial court imposed mandatory minimum sentences consecutively after

---

[5] We conclude that Armstrong's claim that the court erroneously relied on the original PSI report is waived because he raised this issue for the first time on appeal. ***See*** Armstrong's Br. at 13; Pa.R.A.P. 302(a). In any event, the claim is meritless because the sentencing court was aware of any new information that would have been included in an updated PSI report. ***See Commonwealth v. Andrews***, 720 A.2d 764, 767 (Pa.Super. 1998) (concluding updated PSI report not required for resentencing where trial court was made aware of additional information which would have been contained in updated PSI report).

considering 70 year-old defendant's age, personal characteristics, Pre-Sentence Investigation report, and seriousness of offenses committed).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>6/12/18</u>