J-S27018-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD ALLAN MAITRE, II | : | |
| | : | |
| Appellant | : | No. 120 EDA 2020 |

Appeal from the Judgment of Sentence Entered August 22, 2019
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0000516-2017

BEFORE:   SHOGAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McCAFFERY, J.:                    Filed: August 13, 2020

Richard Allan Maitre, II, (Appellant) appeals from the judgment of sentence[1] entered in the Chester County Court of Common Pleas following his open guilty pleas to five counts of possession with intent to deliver a controlled substance (PWID),[2] one count of conspiracy to commit the same,[3] and one

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant initially sought to appeal from the November 27, 2019, order denying his post-sentence motion.  However, the appeal lies properly from his judgment of sentence entered August 22, 2019.  **See Commonwealth v. Borovichka**, 18 A.3d 1242, 1245 n.1 (Pa. Super. 2010).  Accordingly, we have amended the caption.

[2] 35 P.S. § 780-113(a)(30).

[3] 18 Pa.C.S. § 903.

count of criminal use of a communication facility.[4]  Appellant challenges the discretionary aspects of his sentence.  For the reasons below, we affirm.

Appellant was charged with 578 offenses related to his participation in the sale of methamphetamine throughout Chester County, Pennsylvania, from January 2016 to January 2017.  See N.T. Guilty Plea, 9/26/28, at 16-25.  The trial court described Appellant's involvement as follows:

> [Appellant] was the primary force behind, and the leader of, a large and sophisticated drug trafficking organization[,] "a master manipulator who influenced others to commit crimes for him to insulate him from law enforcement's reach." . . . [T]hroughout the Commonwealth's investigation, this criminal enterprise was referred to as the "Maitre Drug Trafficking Organization" or "Maitre DTO."

Order, 11/27/19, at n.1.

As part of a plea agreement, Appellant was only required to enter a guilty plea to seven of the 578 counts in the criminal information.  **See** Appellant's Written Guilty Plea Colloquy, 9/26/18, at 1-3.  On September 26, 2018, Appellant entered an open guilty plea to five counts of PWID, and one count each of conspiracy and criminal use of a communication facility.  On August 22, 2019, Appellant was sentenced to an aggregate term of 20 to 40 years of incarceration.  **Id.**  In addition, the Commonwealth agreed to waive opposition to Appellant's eligibility for the Recidivism Risk Reduction Incentive (RRRI) program, which allows for a potential reduction of his sentence to a minimum of 16 2/3 years.  **See** N.T., Sentencing H'rg, 8/22/19, at 5-6, 57.

---

[4] 18 Pa.C.S. § 7512(a).

On August 28, 2019, Appellant filed a timely motion to reconsider sentence, and the trial court conducted a hearing on September 30, 2019.  On November 27, 2019, the trial court denied the motion.  Order, 11/27/19.  Appellant filed a timely notice of appeal.  On December 19, 2019, the court directed Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  Appellant timely provided a Pa.R.A.P. 1925(b) statement on January 7, 2019, and the trial court filed an opinion on January 10, 2019.

Appellant raises one issue on appeal:

Did the trial court commit an abuse of discretion when [it] imposed the sentence it did on Appellant?

Appellant's Brief at 2.

Appellant's sole claim on appeal challenges the discretionary aspects of his sentence.  Such a claim is not appealable as of right, but "must be considered a petition for permission to appeal."  **Commonwealth v. Best**, 120 A.3d 329, 348 (Pa. Super. 2015) (citation omitted).  This Court must first determine:

(1) whether the appeal is timely; (2) whether Appellant preserved [the] issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

**Commonwealth v. Edwards**, 71 A.3d 323, 329-30 (Pa. Super. 2013)

Appellant filed a timely notice of appeal, and preserved his claim in a timely-filed post-sentence motion.  **See** Appellant's Motion to Reconsider

Sentence, 8/28/19. In addition, Appellant included in his brief the requisite statement of reasons relied upon for appeal pursuant to Pa.R.A.P. 2119(f). *See* Appellant's Brief at 5-11. Accordingly, we must now consider whether Appellant's claim raises a substantial question.

This Court has explained:

> A substantial question exists where an appellant "advances a colorable argument that the trial court's actions were inconsistent with a specific provision of the sentencing code, or contrary to the fundamental norms underlying the sentencing process." In determining whether a substantial question exists, "[o]ur inquiry must focus on the reasons for which the appeal is sought in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." Additionally, we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists.

***Commonwealth v. Provenzano***, 50 A.3d 148, 154 (Pa. Super. 2012) (citations omitted).

Appellant contends that the "aggregate sentence imposed upon him violated the letter and/or spirit of the Sentencing Code." Appellant's Brief at 9. Specifically, he argues the court "focused only on the seriousness of the case and the need to protect the public without considering the facts of the case and [his] rehabilitative needs." *Id.* at 10. Further, Appellant avers that the consecutive nature of the sentences imposed created a maximum sentence that essentially amounted to a life sentence for non-violent crimes.[5]

---

[5] Appellant also asserts, in his summary of the argument, that the "trial court failed to give adequate reasons to justify the excessive sentence it imposed .

*Id.* This Court has found that "an excessive sentence claim, in conjunction with an assertion that the court did not consider mitigating factors, raised a substantial question." *See Commonwealth v. Dodge*, 77 A.3d 1263, 1272 (Pa. Super. 2013). Moreover, a claim that the trial court focused solely on the seriousness of the offense without considering a defendant's rehabilitative needs also raises a substantial question. *See Commonwealth v. Blount*, 207 A.3d 925, 936 (Pa. Super. 2019). Accordingly, we proceed to review the specific issue on appeal.[6]

Preliminarily, we note:

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion . . . [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

---

. . because the number of charges lodged against [A]ppellant stemmed from the police's decision to continue the investigation in order to gather additional information about [the organization's] scope." Appellant's Brief at 4. Although this issue was not included in Appellant's post-sentence motion, his attorney did argue the claim during the reconsideration hearing. *See* N.T., 9/30/19, at 13-18. Nevertheless, Appellant did not identify this issue in his Rule 1925(b) statement, nor did he explain how the claim raises a substantial question in the Rule 2119(f) section of his brief. Thus, it is waived on appeal.

[6] In both his post-sentence motion and 1925(b) statement, Appellant argued that his sentence was harsh and excessive for non-violent offenses, and the court did not "adequately credit or seem to give any weight to the motion filed under seal by the Commonwealth." Appellant's Motion to Reconsider Sentence, 8/28/19, at 1; Appellant's Statement of Matters Complained of on Appeal Pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), 1/7/20, at 1. We conclude the arguments raised in his brief are sufficiently preserved.

*Commonwealth v. Moury*, 992 A.2d 162, 169-70 (Pa. Super. 2010) (citations omitted).

Before imposing a sentence, the trial court must consider the relevant sentencing guidelines ranges, as well as "the factors set out in 42 Pa.C.S. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant." *Commonwealth v. Coulverson*, 34 A.3d 135, 144 (Pa. Super. 2011) (citation omitted). *See also* 42 Pa.C.S. § 9721(b) (sentence imposed by trial court should be "consistent with . . . the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant"). Further, "[i]n reviewing the sentence, an appellate court shall consider:"

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d)(1)-(4).

In regards to Appellant's argument that the trial court paid little attention to the factors of 42 Pa.C.S. § 9721(b), the record demonstrates that the trial court dedicated extensive time to the consideration of Appellant's background and circumstances when deciding the terms of his sentence. *See* N.T. Sentencing H'rg, 8/22/19, at 47-52. The court found Appellant was the

leader of a large drug trafficking organization, which participated in a multitude of controlled substance sales; indeed, as noted above, he was originally charged with 578 offenses. *See id.* at 48-49; Order 11/27/19, at n.1. The court gave due consideration to Appellant's guilty plea, among several other personal considerations, as evidenced by the court's order denying Appellant's post-sentence motion:

> [T]he sentence as imposed must be viewed in its proper perspective, given potential alternatives. [Appellant] was charged with five hundred and seventy-eight (578) counts of a litany of crimes related to his leadership of a drug trafficking organization. As part of his plea agreement, [Appellant] was only required to enter a plea to seven (7) of those counts. While we recognize that [Appellant's] choice to admit responsibility for his conduct alleviated the need for a lengthy and complex trial, the Commonwealth agreed to withdraw 571 of the 578 counts . . . The Commonwealth also waived any opposition to [Appellant] participating in the RRRI program, permitting him a further reduction in sentencing for which he would otherwise be ineligible.
>
> Moreover, the sentences imposed in every count were at the bottom end of the guideline range as set forth in the Pennsylvania Sentencing Guidelines, based upon the respective offense gravity scores of each crime and [Appellant's] prior record score. . .
>
> As a further benefit to [Appellant], four of the seven sentences were imposed to run **concurrent** . . . .

Order, 11/27/19 at n.1.

The aggregate punishment of 20 to 40 years, with eligibility for participation in the RRRI program, for offenses committed while Appellant was leading a drug trafficking organization with multiple prior drug-related convictions does not constitute an abuse of discretion by the trial court. The trial court stated that because of Appellant's acceptance of responsibility, each

of the sentences imposed were at the lower end of the standard range recommended by the Pennsylvania Sentencing Guidelines, and four of the sentences were imposed to run concurrently. **See** N.T. Sentencing H'rg at 48. It is well-established that "[w]here a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." **Moury**, 992 A.2d at 171 (citations omitted).

At Appellant's sentencing hearing, the trial court specifically acknowledged that it reviewed Appellant's presentence investigation report,[7] as well as both the Commonwealth's and Appellant's sentencing memorandum,[8] and considered the testimony of his mother, father, and stepbrother. **See** N.T. Sentencing H'rg at 47. Further, the trial court's statement at sentencing reflects its considerations of the relevant factors set forth in Section 9721(b), including the protection of the public, the gravity of the offense as it relates to the impact on the community, and the rehabilitative needs of Appellant. Specifically, the court commented:

---

[7] "Where the sentencing court had the benefit of a presentence investigation report . . . we can assume the sentencing court 'was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.'" **Moury**, 992 A.2d at 171.

[8] We note that the trial court also had the benefit of an additional sealed sentencing memorandum filed by the Commonwealth. In its order denying Appellant's post-sentence motion, the court noted that while the sealed memorandum was not referenced at the sentencing hearing, it was "familiar with the contents" of the sealed memorandum, and "the information set forth therein does not warrant further mitigation of [Appellant's] sentence." Order, 11/27/19, at n.1.

> I am protecting the public from your drug sales, your ability to conduct drug sales . . . your masterminding or participating in drug sales, whether it's Oxford or elsewhere in Southern Chester County.
>
> *  *  *
>
> I do agree with [the Commonwealth's] characterization that you appear, through the series of acts in this case, to be somewhat of a career criminal. Taking into account the fact that you have 11 prior drug-related convictions before we get to this case. . . . That you have, in fact, coordinated some ongoing operations even while you were incarcerated[.]
>
> . . . I do think that you learned absolutely nothing from your prior years of incarceration. And I'm not, frankly, optimistic that you're going to learn anything from this sentence, but at least you'll be off the streets.

N.T. Sentencing H'rg at 51-52.

Appellant enumerates several mitigating factors in his brief that he believes the trial court failed to consider: (1) his struggles with addiction; (2) his attempts to improve himself after his arrest; and (3) his acceptance of responsibility for his actions. **See** Appellant's Brief at 30. However, the trial court specifically addressed these factors at the sentencing hearing and in its November 27th Order. **See** N.T. Sentencing H'rg at 47-52; Order, 11/27/19 at n.1. Despite Appellant's present claims, there was no evidence presented to the trial court that Appellant was an addict.[9] In fact, it was **undisputed** at his sentencing hearing that Appellant operated as a businessman who sold drugs purely for profit. **See** N.T. Sentencing H'rg at 18-19, 52. The trial court

---

[9] We have reviewed the contents of the sealed memorandum, which, similarly provides no basis to conclude Appellant is an addict.

further examined Appellant's behavior during his past periods of incarceration, and his conduct after he served his first term of imprisonment. *See id.* at 52. The court found Appellant coordinated drug trafficking operations while he was previously incarcerated, and upon his release, escalated his criminal activities from small-time drug sales to leadership of a sophisticated criminal organization. *See id.* at 16-18, 52. Finally, with regard to Appellant's contention that the court did not adequately consider his acceptance of responsibility, we note the court specifically stated at the sentencing hearing:

> I am giving significant consideration to the fact that you accepted responsibility in this case by entering your pleas of guilty[, which] relieved the Court system of the cost and effort of a protracted trial[.]
>
> . . . I'm going to take your acceptance of responsibility into account by running sentences on four of these crimes concurrent . . . . Additionally, I am taking into account your acceptance of responsibility by reason of the fact that the sentences I am about to impose will be at the bottom end of the standard Pennsylvania Sentencing Guideline range.

*Id.* at 47-48.

The fact that the trial court weighed some of the factors in a manner different than Appellant may have desired, particularly his rehabilitative needs as opposed to the protection of the public, does not constitute an abuse of sentencing discretion. *See Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa. Super. 2009) ("We cannot re-weigh the sentencing factors and impose our judgment in the place of the sentencing court.").

- 10 -

Appellant also argues the court's imposition of consecutive statutory maximum sentences was manifestly excessive. *See* Appellant's Brief at 15-20. The trial court has discretion when imposing a sentence as to whether the sentences will run concurrent with or consecutive to other sentences imposed. *See Commonwealth v. Graham*, 661 A.2d 1367, 1373 (Pa. 1995). Appellant contends, however, that his maximum sentence is excessively harsh, and cites *Dodge* and *Coulverson* as examples of cases in which this Court has vacated lengthy, standard range, aggregate sentences. *See* Appellant's Brief at 16-17. The aggregate sentences that were vacated in *Dodge* and *Coulverson* resulted in a maximum terms of 120 years' and 90 years' imprisonment, respectively. *Dodge*, 957 A.2d at 1202; *Coulverson*, 34 A.3d at 143. However, we conclude the circumstances leading to those sentences, as compared to the 20 to 40-year aggregate sentence Appellant received herein, are markedly different.

In *Dodge*:

The Court of Common Pleas of Bradford County convicted [the defendant] on 37 counts of receiving stolen property, two counts of burglary, criminal trespass, possession of a small amount of marijuana, possession of drug paraphernalia, and unauthorized use of a motor vehicle.

* * *

[The defendant], 42 years old at the time of sentencing, would remain in prison under the minimum term until age 100 1/2.

* * *

[W]hile the trial court addressed the impact of the crimes on the victims and the community, the court [did] not, on the record, engage in a meaningful analysis of the gravity of the offenses.

- 11 -

***Dodge***, 957 A.2d at 1199, 1201 (citation omitted). Therefore, the ***Dodge*** Court concluded "the trial court abused its discretion in imposing a life sentence for non-violent offenses with limited financial impact." ***Id.*** at 1202.

Here, however, the gravity of Appellant's crimes has been addressed by the trial court, which found that large-scale sales of methamphetamine to the public posed a serious threat to the community, and "any lesser-sentence would depreciate the seriousness of the crime." N.T. Sentencing H'rg at 51. Even so, the court imposed four of Appellant's seven sentences concurrently, and the maximum sentence does not amount to life imprisonment as was the case in ***Dodge***. Additionally, for each offense the trial court imposed a sentence in the low range of the standard guidelines, which given the severity of Appellant's crimes as compared to the defendant in ***Dodge***, cannot be deemed harsh or excessive. ***Id.***

Appellant also relies on the ***Coulverson*** decision, which found that the trial court's "discussion in support of the sentence [was] minimal," where the trial court "did not expound on specific sentencing factors but instead premised the sentence imposed on testimony adduced primarily from the rape victim, her family and friends." ***See Coulverson***, 34 A.3d at 144. Moreover, the ***Coulverson*** panel noted the "90-year aggregate maximum potentially consign[ed] a 19-year-old defendant with mental health problems to life in prison without even a nod to relevant sentencing factors." ***Id.*** at 146. Although a trial court is "not required to parrot the words of the Sentencing

Code," the **Coulverson** decision explained that "the record as a whole must reflect due consideration by the court of the statutory considerations." **Id.** at 145 (citation omitted).

The trial court in **Coulverson** imposed statutory maximum sentences consecutively, resulting in a 90-year maximum sentence, without dedicating any review to the effect of a multitude of mitigating factors. **See id.** at 145-46. Notably, the defendant was shown to have mental health issues, suffered childhood abuse, and did not have a prior criminal record; however, the trial court made no mention of the sentencing guidelines and provided no explanation for the sentencing other than the harm the defendant caused to his victims. **Id.** at 143, 146. **Coulverson** is clearly distinguished from Appellant's sentencing, where the trial court gave significant weight to mitigating factors and thoroughly explained its reasoning behind the sentence.

Relevantly, the court commented:

I have carefully listened to your mother, Deborah Lewis, to your father, Richard Maitre, and to your stepbrother, Danny Alexander.

\* \* \*

I am giving significant consideration to the fact that you accepted responsibility in this case by entering your pleas of guilty[, which] relieved he Court system of the cost and effort or a protracted trial, and there is no doubt in my mind that this would have been a several week trial, possibly.

\* \* \*

I have crafted [your sentence] because I think it's an appropriate sentence for you [and that] any lesser sentence than the Court imposes would depreciate the seriousness of the crime. . . . I

- 13 -

believe I am protecting the public from your drug sales, your ability to conduct drug sales.

\* \* \*

[Y]ou appear, through the series of acts in this case, to be somewhat of a career criminal. Taking into account the fact that you have 11 prior drug-related convictions before we get to this case. That your conduct in this case was sophisticated. That you drop phones. That in certain of those conversations you would speak in code. That you have, in fact, coordinated some ongoing operations even while you were incarcerated . . . .

N.T. Sentencing H'rg at 47-48, 50-52.

The remaining cases Appellant cites for support in his brief are also readily distinguishable. *See* Appellant's Brief at 17-20. In *Commonwealth v. Bauer*, 604 A.2d 1098 (Pa. Super. 1992), *rev'd on other grounds*, 618 A.2d 396 (Pa. 1993), the defendant was an individual drug dealer (supplied by a larger organization) who was heavily addicted and funding his own habit. *See Bauer*, 604 A.2d at 1100-01. Significantly, here, it was **undisputed** in the sentencing hearing that Appellant is not an addict, and the trial court found Appellant was the "hub" of the drug trafficking organization he led, influenced others to commit crimes for him so that he could evade the law, and bore the most responsibility of his fellow co-defendants for the actions of the organization referred to as the "Maitre Drug Trafficking Organization." *See* Order 11/27/19, at n.1. The trial court specifically indicated that protecting the public from Appellant's masterminding of drug sales was a guiding principle in determining his sentence, and that his sentence was "consistent

and proportional to previous Chester County upper-echelon drug traffickers."

*Id.* Thus, Appellant is entitled to no relief under *Bauer*.

Appellant also argues that *Commonwealth v. Ferguson*, 893 A.2d 735 (Pa. Super. 2006), provides support for his position that his sentence is excessive. *See* Appellant's Brief at 17. The trial court in *Ferguson* sentenced the defendant, upon the revocation of a prior term of probation, to 27 to 72 months' incarceration, followed by **36 years** of probation after a guilty plea to six felony and two misdemeanor offenses related to a string of theft, PWID, and conspiracy counts filed against him. *Ferguson*, 893 A.2d at 736. This Court vacated the sentence, opining:

> While the sentencing court was clearly concerned with [the defendant's] recidivism, the court did not address how a 36 year period of probation would contribute to [the defendant's] rehabilitative needs.
>
> [The defendant] committed all of these crimes as a teenager. After serving his period of incarceration, the defendant will be released from prison sometime in his mid-twenties. A period of probation following [his] incarceration will certainly create an incentive for [him] to refrain from engaging in criminal activity. However, if [the defendant] leads an upstanding life for five, ten, or even fifteen years after his release from prison, then continued probation after such time would serve a dubious benefit, if any at all, to [his] rehabilitative needs. Yet under his current sentence, [the defendant] would be under the thumb of probation until he is almost sixty years old. We conclude that this sentence is manifestly excessive and constitutes too severe a punishment.

*Ferguson*, 893 A.2d at 740 (citation omitted)

The circumstances surrounding the *Ferguson* sentence and the one in Appellant's case are dissimilar, in that the defendant in *Ferguson* was

convicted for small deliveries of controlled substances and placing fake deposits of small amounts of money when he was 18 years old. ***Ferguson***, 893 A.3d at 740. Appellant in this case led a sophisticated drug organization, has been convicted of 11 prior drug-related offenses, and on each count he pled guilty to he received a sentence in the low end of the standard range recommended by the Pennsylvania Sentencing Guidelines. The court in ***Ferguson*** gave no plausible reasoning for the 36-year probationary sentence given the circumstances of the case, whereas the trial court in Appellant's case supplied ample reasoning for a 20 to 40-year prison sentence, including his previous drug-sales conducted from prison and continued escalation of drug-related crimes. ***See*** N.T. Sentencing H'rg at 47-52*.* Thus, ***Ferguson*** provides Appellant with no relief.

Finally, Appellant's reliance on ***Commonwealth v. Simpson***, 510 A.2d 760 (Pa. Super. 1986), and ***Commonwealth v. Whitman***, 880 A.2d 1250 (Pa. Super. 2005), is similarly misplaced. In ***Simpson***, the trial court imposed six consecutive sentences for the defendant's four-month crime-spree committed against the backdrop of a previously lawful life. ***See Simpson***, 510 A.2d at 763. Conversely, here, Appellant has multiple prior drug-related convictions, continuously operated in the sale of controlled substances while in prison, and has continuously escalated his drug-related offenses. ***See*** N.T. Sentencing H'rg at 47-52. Even so, Appellant had four of his seven sentences run concurrently and was sentenced at the lower-end of the range recommended by the Pennsylvania Sentencing Guidelines, far removed from

the six consecutive sentences the defendant with no prior criminal history in *Simpson* received.

In *Whitman*, the trial court imposed consecutive sentences for every one of defendant's guilty plea to "thirteen different criminal actions with fifteen counts of burglary, twelve counts of receiving stolen property, eleven counts of criminal trespass, nineteen counts of theft, and one count each of criminal mischief and possession of an instrument of crime." *Whitman*, 880 A.2d at 1251. This resulted in a 39 to 78-year sentence. *Id.* at 1252. On appeal, this Court concluded that "[t]he sentencing court failed to acknowledge . . . that Appellant saved the Commonwealth considerable time and expense by pleading guilty [and] offered no meaningful consideration of the sentencing factors." *Id.* at 1254. Appellant's sentence bears little resemblance to the *Whitman* sentence, as the trial court demonstrated consideration for each of the sentencing factors, as well as Appellant's guilty plea having saved the Commonwealth considerable time and expense. *See* N.T. Sentencing H'rg at 47-52.

Taking into consideration all of the circumstances of this case, Appellant's sentence in connection to his leadership of a drug trafficking organization and related participation of sales of methamphetamine to the public, we conclude the imposed sentence was neither harsh nor excessive. Thus, Appellant is not entitled to relief.

Judgment of sentence is affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/13/20</u>