J-A20001-18

NON-PRECEDENTIAL DECISION — SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMES MICHAEL DUBROCK, | |
| Appellant | No. 1906 WDA 2016 |

Appeal from the Judgment of Sentence Entered October 19, 2016
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s):
CP-33-CR-0000223-2016
CP-33-CR-0000226-2016

BEFORE:   BENDER, P.J.E., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                    FILED OCTOBER 31, 2018

Appellant, James Michael Dubrock, appeals from the judgment of sentence of 18-120 years' incarceration, imposed following his nolo contendere plea to six counts of arson. Appellant challenges the discretionary aspects of his sentence. After careful review, we affirm.

Appellant summarizes the facts underlying his guilty plea as follows:

On February 20, 2016, a fire was set at the residence of Jason and Kayla Little which they shared with four minor children. Responding officers located a vehicle registered to Appellant in the general area of the Little residence. Appellant was flown for emergency treatment. A gasoline container was located nearby after emergency personnel followed a set of footprints from the wrecked vehicle up an embankment. Law enforcement recovered Appellant's clothing and noted an odor of gasoline. Video surveillance from the Little residence showed a male come to the residence at approximately 1:00 am. A few minutes later a bright light is seen as a fire began burning on the porch. The male is

seen running from the residence to a nearby vehicle with a gasoline can in his hand. The clothing worn by the individual was consistent with the clothing recovered from Appellant at the hospital. In addition to the residents of the home[,] fifteen firefighters responded to extinguish the fire. No one was injured, but the residence sustained fire damage.

Appellant's Brief at 7-8.

The Commonwealth initially charged Appellant with eighty offenses at the above-captioned docket numbers. On October 11, 2016, Appellant entered a negotiated nolo contendere plea to six counts of arson[1] at CP-33-CR-0000226-2016. The trial court ordered a pre-sentence investigation report ("PSIR"). On October 19, 2016, the court sentenced Appellant to six consecutive terms of 3-20 years' incarceration. Appellant filed a timely, pro se post-sentence motion challenging the discretionary aspects of his sentence.[2] The trial court denied Appellant's post-sentence motions on November 10, 2016. Appellant then filed a timely, pro se notice of appeal on November 23, 2016. Appellant filed a timely, counseled, court-ordered Rule

_____

[1] 18 Pa.C.S. § 3301(a)(1)(i) ("A person commits a felony of the first degree if he intentionally starts a fire[,] … whether on his own property or on that of another, and if: (i) he thereby recklessly places another person in danger of death or bodily injury[.]").

[2] Appellant filed several other timely, pro se post-sentence motions as well, some of which challenged his plea counsel's representation on ineffectiveness grounds. Plea counsel appears to have effectively withdrawn his representation of Appellant immediately after sentencing, although the record indicated that the trial court did not permit counsel to withdraw until December 29, 2016. The trial court accepted Appellant's pro se post-sentence motions as if counsel had withdrawn. Current counsel filed a Pa.R.A.P. 1925(b) statement on Appellant's behalf. Thus, it appears that Appellant was acting pro se from his sentencing until the filing of his Rule 1925(b) statement.

1925(b) statement on July 10, 2017. The trial court issued its Rule 1925(a) opinion on July 18, 2017.

Appellant now presents the following question for our review:

> Did the [t]rial [c]ourt abuse its discretion when it denied Appellant's Motion to Modify Sentence and where the sentence that was imposed did not make a meaningful inquiry into the factors set forth in 42 Pa.C.S. § 9721?

Appellant's Brief at 5. More specifically, Appellant argues that the trial court failed to consider mitigating factors, id. at 12, 17; that the court's imposition of consecutive sentences was manifestly unreasonable, id. at 16-17; and that the court focused exclusively on the nature of the offense, id. at 17.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. Commonwealth v. Sierra, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> Commonwealth v. Evans, 901 A.2d 528, 533 (Pa. Super. 2006), appeal denied, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. Commonwealth v. Mann, 820 A.2d 788, 794 (Pa.Super.2003), appeal denied, 574 Pa. 759, 831 A.2d 599 (2003).
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. Commonwealth v.

> Paul, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." Sierra, supra at 912-13.
>
> As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. Commonwealth v. Malovich, 903 A.2d 1247, 1252 (Pa. Super. 2006). An appellant must articulate the reasons the sentencing court's actions violated the sentencing code. Id.

Commonwealth v. Moury, 992 A.2d 162, 170 (Pa. Super. 2010).

Here, Appellant filed a timely notice of appeal, and he has provided a Rule 2119(f) statement in his brief. However, our review of Appellant's pro se post-sentence motions indicates that he did not preserve the claims alleging that the trial court focus exclusively on the nature of the offense at sentencing and that the trial court failed to consider mitigating factors. Accordingly, Appellant has waived those claims.[3] However, Appellant did preserve a claim that the court's imposition of consecutive sentences was manifestly unreasonable under the circumstances of this case. Moreover, that claim presents a substantial question for our review. See Commonwealth v. Dodge, 77 A.3d 1263, 1273 (Pa. Super. 2013) (holding that a substantial question is presented where the decision to sentence consecutively is

_____

[3] In any event, the record belies these claims. The trial court ordered, received, and considered a PSIR. In addition to any mitigating factors set forth therein, the court considered Appellant's age, his background, his family background, his criminal history, his statements to the court, and the statements of his family members in support of him at sentencing. See N.T. Sentencing, 10/19/16, at 11. Thus, the trial court clearly considered numerous mitigating factors and, in doing so, did not focus exclusively on the severity or nature of the arson offenses at issue.

- 4 -

challenged as "excessive in light of the criminal conduct at issue in the case")
(citation omitted). Accordingly, we now consider Appellant's claim that the
trial court abused its discretion by imposing consecutive sentences in this
case.

> Sentencing is a matter vested in the sound discretion of the
> sentencing judge, and a sentence will not be disturbed on appeal
> absent a manifest abuse of discretion. In this context, an abuse
> of discretion is not shown merely by an error in judgment. Rather,
> the appellant must establish, by reference to the record, that the
> sentencing court ignored or misapplied the law, exercised its
> judgment for reasons of partiality, prejudice, bias or ill will, or
> arrived at a manifestly unreasonable decision.

Commonwealth v. Hoch, 936 A.2d 515, 517–18 (Pa. Super. 2007) (citation
omitted).

Appellant argues that the trial court abused its discretion by imposing
consecutive sentences for each of his six counts of arson because no one was
injured by Appellant's crimes, coupled with various mitigating factors that
applied in this case. The trial court disagreed, stating:

> In this case, neither the individual sentences nor their
> aggregate evidenced an abuse of discretion.
> ...
> At [Appellant]'s plea hearing, the district attorney recited
> the material facts-that [Appellant] had started a fire on another's
> property to the detriment of six individuals, four of whom were
> minor children. [N.T. Plea, 10/11/16, at 9-10). As victim Kayla
> Little expounded at the sentencing hearing, the youngest of the
> children was eight months old, while her brother was only five,
> and though [Appellant] was unaware that the Littles' nephews
> were also spending the night, he knew when he set the fire that
> he was endangering the lives of two small children and their
> parents. [N.T. Sentencing at 3-4]. Whereas he lit the fire at 1:00
> a.m., in fact, one can reasonably infer that he expected four

people to die or sustain catastrophic injuries that morning, []see id. at 12[], and while he may not have actually known the other boys were visiting, the fact is that he did nothing to inform himself, either. He thus took the risk that the circumstances were not exactly as he anticipated them to be, and it was only because the Littles' 15-year-old nephew happened to still be awake downstairs at 1:00 a.m. that this arson did not end in tragedy.

More than the circumstances of the offense, though, the [c]ourt was aware of all the relevant sentencing factors, including [Appellant]'s history as outlined in the [PSIR] and the statements he and his family presented on his behalf. []Id. at 4-11[]. It thus knew there were mitigating factors to be considered. []Id. at 14-15[]. The [c]ourt carefully explained, however, why its overall analysis counseled in favor of consecutive sentences, why it was imposing the statutory maximums, and why the mitigating factors benefited [Appellant] only to the extent that each sentence would start at the bottom of the guidelines. []See id. at 11-16[]. Nothing about that explanation evidenced an impermissible animus, and in light of the fact that fortuity alone spared [Appellant] six life sentences or the death penalty, the [c]ourt disagrees that a minimum of eighteen years followed by a lifetime of supervision and the attendant support was manifestly unreasonable.

Trial Court Opinion, 7/18/17, at 1-2.

We agree with the trial court that Appellant's sentence of six consecutive terms of 3-20 years' incarceration is not manifestly unreasonable in the circumstances of this case. Appellant started a fire that put six separate victims at risk of death or serious injury, including four children. That Appellant did not kill or seriously injure those victims was truly fortunate, given that he set the fire in the middle of the night. Luckily, one child was awake, and saved those victims from near-certain disaster. We agree with the trial court that concurrent sentences simply could not fully account for the gravity of Appellant's crime(s).

Nevertheless, each of Appellant's sentences were within the standard-range of the guidelines, and thus conformed to the terms of Appellant's plea agreement. See Plea Agreement, 10/11/16, at 1. Nothing in that plea agreement indicated any expectation of Appellant's receiving concurrent sentences. Id. Moreover, the minimum term of each sentence was set at the bottom of the standard-range of the sentencing guidelines.[4] In these circumstances, we ascertain no abuse of the trial court's sentencing discretion.

Appellant argue that this Court's decision in Commonwealth v. Bauer, 604 A.2d 1098 (Pa. Super. 1992), rev'd on other grounds, 618 A.2d 396 (Pa. 1993), suggests a different conclusion. We disagree. In Bauer, the trial court sentenced the defendant to an aggregate term of 27½-55 years' incarceration for selling marijuana, LSD, and cocaine to an undercover officer on multiple occasions over seven months. We reversed the sentence as a manifest abuse of discretion, because, inter alia,

> the reason for the large number of controlled buys from [the defendant] by the undercover police officer, and the extended period in which they took place, was due to the police attempts to infiltrate the organization supplying [him]. All the sales were to the one undercover officer, and there was evidence that [the defendant] was himself heavily addicted and was selling to support his habit.

Id. at 1102. Additionally, the trial court in Bauer had relied exclusively on the seriousness of the offense in imposing the sentence and, in that regard,

_____

[4] Appellant's prior record score of 2, coupled with an offense gravity score of 10 for arson, called for a minimum sentence of 3-4 years' incarceration in the standard range at each count. See 204 Pa. Code § 303.16(a) (basic sentencing matrix).

dramatically overstated its gravity. See id. (quoting the trial court as having stated, "the sale of drugs is the worst crime that we have").

By contrast, we can state unequivocally that the crime of arson, especially when the target of that crime is an occupied residence at night, is a far more serious offense than the typical sale of recreational drugs to an undercover officer. The only person placed immediately at risk from Bauer's acts were, in fact, the undercover officer, if he was at risk at all.[5] Thus, there were not multiple victims in that case that would justify, in part, the imposition of consecutive sentences at each count. Indeed, the risk of harm involved in the sale of drugs is always indirect and, even while reasonable minds can differ as to the severity and societal consequences of drug crimes, it is comparatively rare for such crimes to involve immediate risks of death. Here, however, Appellant directly jeopardized the lives of six individuals, including four minors, in one heinous act. Appellant's victims had no autonomy to mitigate that risk by abstention, as many victims of the drug trade do. It was fortune alone that prevented a catastrophe in this case. Moreover, here, the trial court explicitly considered mitigating factors, unlike the trial court in Bauer. Accordingly, we find that Bauer is easily distinguishable from the facts of the instant case.

Appellant also cites for support this Court's decision in Commonwealth v. Simpson, 510 A.2d 760 (Pa. Super. 1986). In that case, we overturned

---

[5] We assume the officer in Bauer had no intent to ingest the substances he purchased.

an aggregate sentence of 30-60 years' incarceration, imposed following the defendant's conviction for six counts each of robbery and possessing an instrument of crime, and four counts of conspiracy, for a crime spree that lasted for a few months. The trial court in Simpson had imposed six consecutive sentences of 5-10 years' incarceration for each of Simpson's robbery convictions. We vacated that sentence, reasoning that the record had established that Simpson "had a virtually nonviolent, unremarkable background; he was a high school graduate, had a six year service record with an honorable discharge and no juvenile record. His uncontested statement was to the effect that he always held a job, [and] came from an interested and concerned family…." Id. at 762–63. The Simpson Court acknowledged that the sentence of incarceration was warranted, but held that "to impose a minimum sentence of thirty years discounts the possibility of rehabilitation and effectively removes [Simpson] from society for his potential working life, precluding the possibility of his ever becoming a contributing member of society." Id. at 764.

We do not find Simpson to be sufficiently analogous as to compel a different result in this case. Here, Appellant does have a prior record, as reflected by his prior record score of two. It appears that, in Simpson, the defendant had no prior record of criminal convictions. In Simpson, the defendant used a gun to threaten his victims, but did not discharge it. Here, Appellant lit a fire that could have severely injured or killed six victims but for the intervention of fate.

Moreover, the minimum sentence was the primary concern for the Simpson Court. Id. at 762 ("What we find objectionable is the total length of the minimum sentence."). This was because a 30-year minimum term of incarceration was viewed as incompatible with any pretense of rehabilitation. Nevertheless, the Simpson Court went on to suggest a sentence of a minimum of 10 years' incarceration. Id. at 764. Here, Appellant was sentenced to a minimum of 18 years' incarceration. There is nothing in Simpson that suggests that a minimum term of 18 years' incarceration is incompatible with the goal of rehabilitation in a general sense. Given Appellant's prior record, and gravity of the current offense, we cannot say with any certainty that it is not. Accordingly, we are not convinced that Simpson compels this Court to overturn Appellant's sentence as an abuse of discretion. Comparisons to Simpson are difficult because we are not aware of Simpson's age, nor the applicable guidelines that pertained to his conviction. It appears that Simpson's sentence would be in the aggravated range of current sentencing guidelines, but the Simpson opinion is short on details and, therefore, we cannot discern how the guidelines fit his sentence at the time it was imposed.

In sum, we conclude that Appellant waived several aspects of his discretionary aspects of sentencing claim by failing to raise them in a post-sentence motion. As to Appellant's preserved issue, we conclude that the trial court did not abuse its discretion in sentencing Appellant to consecutive, standard-range sentences for six counts of arson.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  10/31/2018